### 42760. RENTFROW v. THE STATE.

JOSLIN, Judge. The defendant was indicted and tried for assault with intent to rob, and assault with intent to murder, and was represented by a court-appointed attorney. He was, in 1964, found guilty of both charges and sentenced to not less than 8 years and not more than 10 years for one offense and four years on the other, with sentences to run consecutively. The defendant, without counsel, in that year moved for a new trial. Because of improper filing the record is incomplete, but a benevolent judge permitted a hearing on the motion. Other counsel was appointed to represent the defendant on the hearing on the motion for a new trial. Upon the recommendation of his counsel defendant offered to dismiss his motion for a new trial if the two sentences were made to run concurrently. This was done, and the motion for a new trial was dismissed.

In 1966, the defendant, without counsel, moved to vacate and set aside his conviction and sentence and requested an order nisi. The grounds alleged for the motion are stated as questions and state that defendant was denied the right to effective assistance of counsel, that the court-appointed attorney was so incompetent, irresponsible, and ineffective, as to deny due process; that defendant was not afforded his constitutional rights to a fair trial by an impartial jury; and that the trial court denied defendant "due process" and "equal protection of the laws" in refusing to grant and declare a mistrial.

It is from an order declining to issue a rule nisi upon the last motion to vacate and set aside the sentences that the defendant appeals to this court.

Upon examination of the history of the judicial process which has been afforded the defendant, it is clear that the courts have gone beyond the constitutional mandates in making available to him the rights to which he is entitled. The courts and judicial processes in this matter have gone the

"extra mile" and are to be congratulated for it. It does seem that demands cloaked under a guise of constitutional rights, may become a coercive, threatening and disruptive device intended to intimidate the court and its counsel and clog the judicial process. This must be guarded against, while continuing to give the basic protection to an accused as is prescribed by the Constitution.

The order denying a rule nisi upon the motion to vacate and set aside the sentence is affirmed.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED MAY 1, 1967—DECIDED MAY 31, 1967—
REHEARING DENIED JUNE 14, 1967.

Conrad H. Rentfrow, *pro se, John McGuigan,* for appellant. Lewis R. Slaton, Solicitor General, J. Walter LeCraw, for appellee.